| Case No. | **CV 11-04087 DMG (MRWx)** | Date | May 26, 2011 |
|---|---|---|---|

| Title | *Shagen Galstanyan, et al. v. JP Morgan Chase, et al.* | Page | 1 of 1 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**

On May 12, 2011, Plaintiffs Shagen Galstanyan and Armanoush Ter-Galstanyan filed a complaint against Defendants JP Morgan Chase and CT Corporations System. Concurrently therewith, Plaintiffs filed a motion for a temporary restraining order ("TRO"). On May 13, 2011, the Court denied Plaintiffs' motion for a TRO and issued an Order to Show Cause ("OSC") why this action should not be dismissed for lack of jurisdiction [Doc. #5]. Plaintiffs did not respond to the OSC by the May 23, 2011 deadline.

As the Court explained in the OSC, Plaintiffs' one-page complaint contains no claims. It merely references an "Exhibit A"—a one-page "affidavit" by Jeff Greenberg,[1] a legal forensic auditor, followed by what appears to be a copy of Plaintiffs' deed of trust and other related documents. Mr. Greenberg proffers an opinion that "there is a very good probability that we will find that the parties who are attempting to foreclose on real property are doing so illegally or without authority," evidently based on improprieties in various assignments of Plaintiffs' deed of trust. These "allegations" neither state a claim for relief nor establish this Court's subject matter jurisdiction.

In light of the foregoing, this action is hereby **DISMISSED** without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

---

[1] This document is inadmissible. Although it is signed by Jeff Greenberg and notarized by a notary public, it fails to either (1) state that Mr. Greenberg was sworn and that he attested to truth of the affidavit; or (2) include a declaration by Mr. Greenberg swearing under penalty of perjury that the information contained therein is true and correct. *See* 28 U.S.C. § 1746; *Davenport v. Bd. of Trs. of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1083 (E.D. Cal. 2009).